| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Address: 520 W. Colfax Ave.<br>           Denver, CO 80204<br><br>Telephone: (720) 337-0410 | DATE FILED: December 26, 2019 12:13 PM<br>FILING ID: 48795C3F6DFFF<br>CASE NUMBER: 2019CV34907 |
| **PLAINTIFF:**  CHARLES CHAMPION,<br><br>v.<br><br>**DEFENDANT:**  DILLON COMPANIES, LLC, d/b/a KING SOOPERS, a/k/a D620 KING SOOPERS | ▲  **COURT USE ONLY**  ▲ |
| Attorneys for The Plaintiff:<br>Name(s):    Amber L. Sliger, Esq., #48190<br>               David E. McDivitt, Esq. #38286<br>Firm:         McDivitt Law Firm, PC<br>Address:   19 E Cimarron Street, Colorado Springs, CO 80903<br>Phone Number:  719.471.3700<br>Fax Number:     719.471.9782<br>E-Mail Address: asliger@mcdivittlaw.com | Case Number:<br><br>Div.: |
| **CIVIL COMPLAINT** | |

COMES NOW the Plaintiff, Charles Champion (hereinafter *Plaintiff*) by and through his attorneys, MCDIVITT LAW FIRM, P.C., for his Complaint against Defendant, Dillon Companies, LLC, d/b/a King Soopers, a/k/a D620 King Soopers, hereby alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of the State of Colorado, with an address of 3701 West Radcliff Avenue, Room 110, Denver, CO 80236.

2. Upon information and belief, Defendant, Dillon Companies, LLC DBA, King Soopers is a foreign Corporation with a principle address of 2800 East 4th Street, Hutchison,

Kansas 67501 and whose registered agent is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

  3. This is a claim for injuries arising from hazardous and/or dangerous conditions upon the land and from activities conducted by Defendants in Arapahoe County, Colorado.

  4. All incidents giving rise to this cause of action, known or unknown, occurred within the County of Arapahoe, State of Colorado. As such, pursuant to *Colorado Rules of Civil Procedure* (C.R.C.P.) 98(c)(4), venue is proper in Arapahoe County.

## GENERAL ALLEGATIONS

  5. Plaintiff hereby adopts and incorporated incorporates by reference statements 1 through 4, as if fully set forth below.

  6. On July 22, 2018, Plaintiff was an invitee on the property of 5050 South Federal Boulevard, Englewood, Colorado (hereinafter, "the property").

  7. On the above-referenced date, Plaintiff was a customer of the property.

  8. Plaintiff was using a mobility cart, which Plaintiff obtained from the front of the store and was available for customer use.

  9. Unknown to Plaintiff, the wheel of the motorized cart, was in disrepair.

  10. Plaintiff drove through the store collecting groceries.

  11. When he needed to reach a high shelf, he tried to stand to reach the item.

  12. The defective wheel made the motorized cart unstable causing Plaintiff to fall and become injured.

  13. Upon information and belief, Defendant is responsible for motorized cart maintenance and inspection on the property.

  14. Defendants knew or should have known of these dangerous conditions and failed to exercise reasonable care to protect Plaintiff from this dangerous condition.

15. Plaintiff has suffered and will suffer past and future economic losses as a direct result of this incident including, but not limited to, medical bills in excess of $211,898.00.

16. Plaintiff has suffered and will suffer past and future non-economic losses as a direct result of the incident including, but not limited to, pain, suffering, stress, inconvenience, and loss of enjoyment of life.

17. Plaintiff also suffered permanent impairment as a direct result of this incident.

## FIRST CLAIM FOR RELIEF
### (Premises Liability)

18. Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. At the time of the incident, Defendant operated the property as a retail establishment.

20. Defendant was a landowner under C.R.S. § 13-21-115.

21. As a landowner, Defendant owed a duty to Plaintiff to provide him with safe premises without dangerous conditions and to protect him from any dangers of which Defendant knew or should have known, as set forth in C.R.S. § 13-21-115.

22. The broken motorized cart constitutes a dangerous condition on the property.

23. The broken motorized cart was provided for and supplied to Plaintiff as part of his shopping experience and so was also the result of activities on the property giving rise to injury.

24. At all times relevant herein, Defendant was legally responsible for the condition of the premises and the motorized cart that it supplied to Plaintiff.

25. Defendant breached its duty to Plaintiff, by allowing this motorized cart to remain in use.

26. Defendant failed to maintain the subject premises in a safe manner.

27. Defendant failed to exercise reasonable care to protect against dangers on the premises which it knew of or should have known.

28. As a direct and proximate result of the actions and inactions of Defendant, as stated herein, Plaintiff suffered bodily injury, including but not limited to bodily injury to his low back and head.

29. As a direct and proximate result of the actions and inactions of Defendant, as stated herein, Plaintiff has incurred bills for health care and treatment and will incur additional expenses in the future.

30. As a direct and proximate result of the actions and inactions of Defendant, as stated herein, Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses including, but not limited to, past and future physical pain and suffering, loss of the enjoyment of life, loss of capacity to perform household work, inconvenience, permanent impairment and disability.

## SECOND CLAIM FOR RELIEF
### (Negligence)

31. Plaintiff hereby adopts and incorporates herein by reference lines 1-30 as though set forth below.

32. Defendant had a legal duty to maintain the motorized cart that it supplied to Plaintiff.

33. By supplying the motorized cart, Defendant represented to Plaintiff that this vehicle was in good repair and capable of normal use.

34. In so representing, Defendant has a duty to inspect and repair the motorized cart to protect others, including Plaintiff from unreasonable risk of harm.

35. Defendant allowed the motorized cart to remain in a state of disrepair.

36. By allowing the motorized cart to remain in this state of disrepair, Defendant did not behave as a reasonable business would behave with regard to the safety of its customers.

37. Defendant's failure to behave in a reasonably prudent manner in providing maintenance to the motorized scooter was the cause of the Plaintiff's injuries.

38. As a direct and proximate result of the actions and inactions of Defendant, as stated herein, Plaintiff has incurred bills for health care and treatment and will incur additional medical expenses in the future.

39. As a direct and proximate result of the actions and inactions of Defendant, as stated herein, Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses including, but not limited to, past and future physical pain and suffering, loss of the enjoyment of life, loss of capacity to perform household work, inconvenience, permanent impairment and disability.

**WHEREFORE,** Plaintiff requests that judgment be entered against Defendants for all compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, beginning from the date of filing the original complaint, and such further relief as the Court deems proper.

Respectfully submitted, this 26th day of December, 2019.

McDivitt Law Firm, PC

_____
Amber L. Sliger, Esq., #48190
David E. McDivitt, Esq. #38286
Attorneys for the

**Plaintiff's Address:**
2800 East 4th Street
Hutchison, Kansas 67501