IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-00273-SKC

CHARLES CHAMPION,

        Plaintiff,

v.

DILLON COMPANIES, LLC
*doing business as*
King Soopers
*also known as*
d620 King Soopers,

        Defendant.

---

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

---

This action comes before the Court on Defendant's Motion to Dismiss for Failure to Prosecute. [#24.] On August 26, 2020, the Court held a hearing on the Motion [#27] and for the following reasons GRANTS Defendant's Motion and dismisses this action for failure to prosecute.

Plaintiff, Charles Champion, originally filed his complaint in Denver County District Court asserting violations of Colorado's Premises Liability Act, C.R.S. § 13-21-115 and common law negligence claims. Defendant removed the case to federal court on February 3, 2020. The parties consented to this Court's jurisdiction, and Chief Judge Brimmer referred this case to the Magistrate Judge "for all purposes." [#16.] This Court set several deadlines to guide the proceedings and required the parties to submit a Joint Status Report on or before June 1, 2020. [#17.]

1

Counsel represented Plaintiff at the time of the case's inception, but soon after the Court's Scheduling Conference moved to withdraw as counsel citing "irreconcilable differences." [#20 p.2.] Plaintiff's counsel informed the Court in the Motion to Withdraw she had spoken with Plaintiff and had advised him of his responsibilities if the Court granted the Motion to Withdraw. *Id.* Specifically, Plaintiff was told to inform the Court and other parties where notices, pleadings, and other papers could be served; notified of pending dates imposed by the Scheduling Order; and warned he may suffer possible dismissal, default, or other sanctions if he failed or refused to comply with court orders, and statutory and other deadlines. *Id.* Plaintiff had fourteen days to object to counsel's Motion to Withdraw and failed to do so. *Id.* The Court allowed counsel to withdraw and granted Plaintiff an additional thirty days[1] to respond to any discovery requests served on him on or before May 29, 2020. [#21.]

Discovery issues began cropping up soon after counsel's withdrawal. In a June 1, 2020 Status Report, Defendant detailed its difficulty in conferring with Plaintiff. [#22.] Defendant stated its calls to Plaintiff via the telephone number on record resulted in either a busy signal or a Verizon message stating the line was not in service. [#22 p.1.] Defendant also informed the Court Plaintiff had not responded to its May 14, 2020 letter attempting to coordinate his deposition. *Id.* Finally, Defendant noted it had not yet received Plaintiff's response to its April 1, 2020 discovery requests even though they were due that day. *Id.*

---

[1] In the Motion to Withdraw, Plaintiff's counsel also sought a thirty-day stay on discovery. [#20 p.3.]

Plaintiff's noncooperation continued and on July 6, 2020, Defendant moved the Court for a discovery hearing due to Plaintiff's lack of cooperation. [#23.] In its Motion, Defendant recited its inability to coordinate Plaintiff's deposition as well as Plaintiff's overdue responses to Defendant's discovery requests. [#23 pp.1-2.] Defendant supported its Motion with copies of correspondence sent electronically to Plaintiff's email on May 14, June 5, and June 22, 2020, as well as a copy of its interrogatories and request for production served April 1, 2020, on Plaintiff's counsel. [#23 Ex.1 and 2.]

On July 29, 2020, Defendant filed its Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b). [#24.] In its Motion, Defendant again articulated its efforts to contact Plaintiff and the resulting difficulties it encountered, especially once Plaintiff became *pro se*. Defendant agues Plaintiff's failure to prosecute has prevented Defendant from efficiently and effectively defending against the lawsuit. [#24 p.3.] Further, Defendant alleged it was incurring unnecessary time and costs in its attempts to contact Plaintiff and on filings with the Court. *Id.*

Considering Defendant's Motion to Dismiss, the Court set a telephonic Motion Hearing for August 26, 2020. [#25.] The Court ordered Plaintiff to respond to Defendant's Motion by August 19, 2020, and reminded Plaintiff of his obligations under the Federal Rules of Civil Procedure, the Local Rules of the District of Colorado, and this Court's Practice Standards. *Id.* The Court warned Plaintiff his failure to respond to the Motion, appear at the Motion Hearing, or otherwise "continue to be derelict in his obligations as a litigant in this matter" may result in the case being dismissed for failure to prosecute. *Id.*

On August 26, 2020, this Court attempted to conduct the hearing; however, Mr. Champion failed to appear. [#27.] The hearing was ordered set to commence at 10:20

AM that day; the Court waited until 10:49 to start the hearing, and Plaintiff still failed to appear. Thus, the Court granted Defendant's Motion to Dismiss[2] due to Plaintiff's failure to appear at the August 26, 2020 Motion Hearing, his failure to comply with federal and local rules of civil procedure, his failure to respond to the Court's orders, and his failure to prosecute. [*Id.*]

## DISCUSSION

The Federal Rules of Civil Procedure give the district court ample tools to deal with a recalcitrant litigant. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *Id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Furthermore, Rule 16(f) permits the court to "issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," when a party or his attorney fail to appear at a pretrial conference or fails to comply with a pretrial order. Fed. R. Civ. P. 16(f). In turn, Rule 37(b)(2)(A)(v) permits the court to sanction a party by "dismissing the action or proceeding in whole or in part."

Although "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules," *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002), a dismissal with prejudice is a more severe sanction and requires the district court to consider certain criteria. *Id.*; *see also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). The non-exhaustive list of factors a district court should consider

---

[2] The Court granted the Motion from the bench and advised Defendant the Court would follow up with a written order.

4

includes: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Dismissal is appropriate when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus*, 965 F.2d at 921.

The Court finds Plaintiff's lack of cooperation and his disrespect for his obligations as a litigant has prejudiced the Defendant because it has deprived Defendant of any finality in this matter. The Defendant has been diligent in its attempts to bring this litigation to a close, only to have Plaintiff stymie these efforts through his unresponsiveness and total disregard for deadlines and hearings. Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process: the Court set aside time to conduct a hearing in this matter only to have its resources wasted by Plaintiff's failure to appear. In addition, the necessity in issuing court orders, to gain Plaintiff's compliance, increases the workload of the Court and interferes with the administration of justice.

Furthermore, Plaintiff has provided no justification for his failure to respond to the Court's orders, comply with the Rules, or attend hearings; thus, his culpability is evident. Plaintiff was warned—in his counsel's April 28, 2020 Motion to Withdraw, the Defendant's July 29, 2020 Motion to Dismiss for Failure to Prosecute, and the Court's July 29, 2020 Order Setting Telephonic Motion Hearing—the Court could dismiss his complaint for

failure to prosecute; yet, he has remained silent. Finally, the Court concludes no sanction less than dismissal with prejudice would be effective in this instance. The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction is practical.

IT IS ORDERED Defendant's Motion to Dismiss for Failure to Prosecute is GRANTED and this matter is dismissed with prejudice.

DATED: September 8, 2020

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge